UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MINDY S. NICHOLS and JAMES NICHOLS,<br>Plaintiffs,<br><br>v.<br><br>JUST US JJ-1, LLC d/b/a JIMMY JOHNS<br>GOURMET SANDWICHES,<br>Defendant. | )<br>)<br>)<br>) CAUSE NO.: 2:19-CV-206-JPK<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiffs Mindy S. Nichols and James Nichols invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing their Complaint in federal court. As the party seeking federal jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiffs and Defendant Just Us JJ-1, LLC d/b/a Jimmy Johns Gourmet Sandwiches must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiffs have alleged a sufficient amount in controversy. Plaintiffs have also sufficiently alleged their own citizenship. However, the allegations are insufficient as to the citizenship of Defendant.

The Amended Complaint alleges that "Defendant . . . is/was incorporated in the State of Michigan and therefore is a citizen of the State of Michigan." (Am. Compl. ¶ 2, ECF No. 14). It

further alleges that Defendant "maintains its principal place of business in the State of Michigan and therefore is a citizen of the State of Michigan." *Id.* at ¶ 3. These allegations are insufficient for the purpose of determining citizenship.

The allegations regarding the citizenship of Defendant are unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant is actually a limited liability company, the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal

was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must first allege whether Defendant is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company or another form of business entity. Plaintiffs must then sufficiently allege the citizenship of Defendant as outlined above. Therefore, the Court **ORDERS** Plaintiffs to **FILE**, on or before **October 10, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant Just Us JJ-1, LLC d/b/a Jimmy Johns Gourmet Sandwiches as stated above.

So ORDERED this 26th day of September, 2019.

    s/ Joshua P. Kolar
    MAGISTRATE JUDGE JOSHUA P. KOLAR
    UNITED STATES DISTRICT COURT